IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ERIE INSURANCE EXCHANGE, et al.** | * | |
| | * | |
|     **Plaintiff** | | |
| | * | |
| v. | | |
| | * | Civil Action No. CCB-03CV143 |
| **SONY ELECTRONICS INC.** | | |
| | * | |
|     **Defendant** | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO ENTER ORDER OF DISMISSAL WITHOUT PREJUDICE**

Defendant, Sony Electronics Inc. ("Sony") by its undersigned counsel, hereby files this Opposition to Plaintiff's Motion to Enter Order of Dismissal Without Prejudice and states as follows:

1.    This product liability case arises out of a house fire that occurred December 31, 2000, at 5000 Hollington Drive, Apartment #206, Owings Mills, Maryland 21117. On or about December 4, 2002, Plaintiffs, Erie Insurance Exchange, as subrogee of Jody B. Rosen, Erie Insurance Exchange, as subrogee of Hollington Condominium Council of Unit Owners, Jody B. Rosen, Individually, and Hollington Condominium Council of Unit Owners, Individually, filed an action against Sony in the Circuit Court for Baltimore County, Maryland. According to the Complaint, the fire was caused by a Sony television, which was purchased by Jody Rosen from a Circuit City Store, on or about 1995.

2.    Within thirty (30) days after Sony was served with the Complaint, it removed the case to this Court based upon the fact that the amount of controversy in this diversity action

exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

    3.    Thereafter, on February 4, 2003, this Court entered its Scheduling Order. Among the deadlines established by this Order was an April 7, 2003 deadline for the Plaintiff's Rule 26(a)(2) Disclosures and a May 5, 2003 deadline for Sony's disclosures. Subsequently, on February 10, 2003, Sony propounded written discovery to the Plaintiff. See Correspondence enclosing discovery, a copy of which is attached as Exhibit A. To date, the Plaintiff has not responded to these discovery requests. See Correspondence from Defense Counsel, dated May 23, 2003, a copy of which is attached as Exhibit B.

    4.    After the Scheduling Order was issued, the parties conferred to draft the Initial Report. During their telephone conversation, counsel for the Plaintiff indicated that he planned to amend the Plaintiff's Complaint to reduce the amount in controversy and thereby deprive this Court of jurisdiction. As evident from defense counsel's letter to the Plaintiff's attorney, dated February 19, 2003, defense counsel advised the Plaintiff's attorney that he could not divest this Court of jurisdiction by reducing the alleged damages. See Correspondence dated February 19, 2003, a copy of which is attached as Exhibit C. Following this discussion, the Complaint was not amended.

    5.    Although the Plaintiff filed a Motion to Amend Scheduling Order with Consent of Defendant on April 4, 2003, in the event that the Motion was denied, on April 7, 2003, the Plaintiff filed its Rule 26(a)(2) Statement, in which Jeff Paulus, P.E. is designated as the Plaintiff's sole expert. See Disclosure, a copy of which is attached as Exhibit D. However, the disclosure did not contain any of Mr. Paulus' opinions as required by the Rule. Rather, the disclosure indicates only that Mr. Paulus' opinions would be formulated after the joint inspection

of the television at issue and after discovery was exchanged. Thus, despite the fact that the Plaintiff had filed this litigation more than four (4) months earlier, on the date of the Plaintiff's disclosure, it did not even have an expert who could articulate a specific theory of defect against Sony.

6.  After persistent efforts by counsel for Sony, the product inspection was finally conducted on April 30, 2003. See Correspondence from Defense Counsel, dated April 21, 2003, a copy of which is attached as Exhibit E. Sony's two experts, Julio Posse, P.E. and James Finneran, P.E., attended and participated in the inspection, along with the Plaintiff's designated expert, Jeff Paulus, P.E.

7.  Although the Plaintiff claimed in its Rule 26(a)(2) disclosure that Mr. Paulus had to inspect the product to formulate his opinions in this case and that the Plaintiff would "promptly supplement this 26(a)(2)" disclosure, it has never been supplemented. Further, the extended deadline for the Plaintiff's Disclosure Deadline passed without any supplemental disclosure being filed. To date, the Plaintiff has not articulated a single theory of defect against Sony, despite the fact that discovery is scheduled to close on August 3, 2003.[1]

8.  Despite the product inspection, the Plaintiff's expert has not been able to articulate a theory of liability against Sony. The Plaintiff should have formulated a theory of defect against Sony before the lawsuit was filed, and certainly before its expert was designated. In light of this situation, Sony plans to file a motion for summary judgment.

---

[1] The Plaintiff's attorney now claims that Mr. Paulus cannot formulate his opinions without discovery responses from Sony. However, counsel for Sony has informed the Plaintiff's attorney, on numerous occasions, that it cannot provide meaningful discovery responses until a model number has been provided. See Correspondence from Defense Counsel, dated June 25, 2003, a copy of which is attached as Exhibit F. The insured, Ms. Rosen, can obtain this information easily by contacting the Circuit City store at which she purchased it. However, she has refused to do so, leaving Sony with its hands tied because it cannot identify the product based upon the limited remains.

9.      Perhaps in recognition of the weakness of its case, the Plaintiff now seeks to dismiss its action in this Court without prejudice. Defense counsel has informed counsel for the Plaintiff that it would not consent to a dismissal without prejudice, and Sony opposes the Plaintiff's Motion because, as set forth below, a dismissal without prejudice will severely prejudice the interests of Sony.

10.     The Fourth Circuit has explained that the focus of district courts when considering a motion to dismiss without prejudice is "primarily on protecting the interests of the defendant." Davis v. USX Corp., 819 F.2d 1270, 1272 (4th Cir. 1987). The following factors are relevant to whether a defendant will be prejudiced by a dismissal: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e. whether a motion for summary judgment is pending." Gross v. Spies, 133 F.3d 914, 1998 U.S. App. LEXIS 471, *16 (4th Cir. 1998)(unpublished opinion)(citations omitted). See also Teck Gen. P'ship v. Crown Cent. Petroleum Corp., 28 F. Supp 2d. 989, 992 (E.D. Va. 1998)(utilizing the factors set forth in Gross to deny the plaintiff's motion to dismiss without prejudice). The application of these elements to the instant case compel the conclusion that the Plaintiff's Motion to Enter an Order of Dismissal Without Prejudice must be denied.

11.     First, Sony has exerted significant effort and expense in defending this case as it has vigorously defended this litigation over the past six (6) months. Significantly, Sony has retained its experts, conducted a product inspection and chemical testing of substances found around the television at issue. Sony incurred the significant expense of bringing one expert from Indiana and another expert from New Jersey to Maryland to accomplish the product inspection.

These efforts, alone, are sufficient basis for denying the Plaintiff's Motion. See e.g. Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986)(explaining that although the filing of an answer, a motion for summary judgment and discovery do not constitute extreme prejudice, such litigation efforts are sufficient basis for denying a voluntary motion to dismiss without prejudice). Yet, in addition, Sony has propounded written discovery, drafted its expert disclosure, written numerous correspondence to the Plaintiff's attorney seeking deposition dates for the insured and the Plaintiff's expert and has devoted resources to researching the model of the television at issue. The parties also filed a Consent Motion to Amend the Scheduling Order in an attempt to obtain additional time for the Plaintiff to identify the model of the television at issue. If the Plaintiff's Motion is granted, Sony will face significant prejudice because of the significant expense it has incurred in litigating this matter.

12. Further, there is even more evidence compelling the denial of the Plaintiff's Motion in this case. The second element to be considered in determining whether Sony will be prejudiced by a dismissal is the Plaintiff's lack of diligence. Gross v. Spies, 1998 U.S. App. LEXIS 471, *16. An examination of this factor adds additional support for the denial of the Plaintiff's Motion. On or about February 10, 2003, Sony propounded discovery to the Plaintiff, seeking information about the television at issue. By May 23, 2003, no responses had been received so defense counsel wrote a letter requesting answers. See Exhibit B (Letter). The responses are essential to this case because the insured is the only person who can obtain the model number for the television at issue, and she has not contacted Circuit City to do so. The insured's inaction demonstrates a complete lack of diligence on the Plaintiff's part, and such inaction has hampered Sony's ability to obtain information that is responsive to the Plaintiff's

discovery requests to it. Additionally, the Plaintiff has neglected to disclose any theory of liability against Sony, which may lead to a motion for summary judgment. Simply stated, the Plaintiff cannot avoid disclosing a theory of liability against Sony and the potential entry of summary judgment by voluntarily dismissing the action without prejudice. It is settled that "a plaintiff may not obtain a non-prejudicial voluntary dismissal simply to circumvent adverse rulings." See Paturzo v. Home Life Ins. Co., 503 F.2d 333, 336 (4th Cir. 1974)(explaining that the district court appropriately denied the plaintiff's motion because it did not want to permit the plaintiff "to use indirect methods to obtain those rights he had forfeited through his own lack of diligence); Teck Gen. P'ship v. Crown Cent. Petroleum Corp., 28 F. Supp 2d. 989, 992 (E.D. Va. 1998)(concluding that the plaintiff's attempt to use a Rule 41(a) non-prejudicial dismissal to avoid an adverse discovery ruling resulting from its lack of diligence is a decisive factor weighing against the non-prejudicial dismissal). Similarly, in this case, the Plaintiff should not be able to utilize a dismissal to avoid having to comply with the procedural requirements of this Court.

       13.     The Plaintiff's intent in filing the Motion is another factor that is relevant to the prejudice issue when considering a motion to dismiss without prejudice. Specifically, the Fourth Circuit has instructed that "the present stage of the litigation, i.e., whether a motion for summary judgment is pending" is an important consideration. Gross v. Spies, 1998 U.S. App. LEXIS 471, *16. In this case, although there is no such motion pending, the Plaintiff's attorney is likely aware that as a result of the Plaintiff's failure to provide any evidence to support her claims, her failure to provide a detailed disclosure and her failure to produce her expert for deposition, Sony intends to file a motion for summary judgment. The Plaintiff's has already admitted that based

upon the product inspection, its sole expert cannot support the claims contained in the Complaint, and it should not be permitted to dismiss this action and refile a second identical case with a new expert. See Young v. John McShain, Inc., 130 F.2d 31 (4th Cir. 1942)(affirming the dismissal of a motion to dismiss that was made after the plaintiff admitted the claims sought to be dismissed were without merit and the case was at trial). The dismissal of this action without prejudice at this stage of the litigation will subject Sony to extreme prejudice because it will have lost the legitimate opportunity to have a final judgment entered on its behalf in a case that lacks merit.

      14.    Finally, the remaining principle that is relevant to the prejudice analysis is the Plaintiff's insufficient explanation of the need for a dismissal. Gross, 1998 U.S. App. LEXIS 471, *16. The Plaintiff in this case has provided no justifiable explanation as to why the requested dismissal should be without prejudice. Although the Plaintiff claims that it seeks to dismiss this case to re-file it with a reduced claim for damages, it is clear that this tactic is intended to impermissibly divest jurisdiction from this Court as the Plaintiff wanted to do from the moment the case was removed. A dismissal without prejudice should not be granted to allow the Plaintiff to circumvent the rule any post-removal amendment of the complaint or stipulation to the alleged damages does not divest the United States District Court for the District of Maryland of its jurisdiction. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S. Ct. 586 (1938)(explaining that post-removal amendments do not destroy federal jurisdiction once it has attached). Whether a case is removable is determined by "the status of the case as disclosed by the plaintiff's complaint" and the Plaintiff should not be permitted to dismiss this action and re-file a second action to divest this Court of jurisdiction. Id. at 291.

15. The facts surrounding this Motion reveal that the Plaintiff seeks to divest this Court of jurisdiction because that its engineering expert cannot support the Plaintiff's claims against Sony, and the Plaintiff would like to re-file the action in the Circuit Court, where the pretrial requirements and scheduling orders are less demanding.  However, if a dismissal is to be made, it should be with prejudice at this late stage of the litigation, in light of the extensive discovery that has been conducted in this matter. If the Plaintiff's motion is granted and the Plaintiff is afforded an opportunity to re-file this litigation with a new expert, Sony will be severely prejudiced.

WHEREFORE, Defendant, Sony Electronics Inc., respectfully requests that this Honorable Court enter an Order in the form attached, denying the Plaintiff's Motion to Enter Order of Dismissal Without Prejudice.

_____
Timothy L. Mullin, Jr., #00082
Lauren N. Schultz, #26503
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464


_____
Robert J. Hafner, Esquire
Lavin, Coleman, O'Neil,
         Ricci, Finarelli & Gray
Suite 1000- Penn Mutual Tower
510 Walnut Street
Philadelphia, Pennsylvania 19106
(215) 627-0303


Attorneys for Defendant,
Sony Electronics Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of July, 2003, a copy of the foregoing **SONY'S OPPOSITION TO PLAINTIFF'S MOTION TO ENTER ORDER OF DISMISSAL WITHOUT PREJUDICE** was electronically filed and mailed first class, postage prepaid to:

>Edward J. Brown, Esquire
>Law Offices of McCarthy Wilson
>100 South Washington Street
>Rockville, Maryland 20850

_____/s/_____
Lauren N. Schultz

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ERIE INSURANCE EXCHANGE, et al.** | * |
| | * |
|     **Plaintiff** | |
| | * |
| v. | |
| | *     **Civil Action No. CCB-03CV143** |
| **SONY ELECTRONICS INC.** | |
| | * |
|     **Defendant** | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

Upon consideration of Plaintiff's Motion to Enter Order of Dismissal Without Prejudice and Defendant, Sony Electronic Inc.'s Opposition thereto, it is this ____ day of _____, 2003, ordered that:

(1)      Plaintiff's Motion to Enter Order of Dismissal Without Prejudice is DENIED.

 

_____
The Honorable Catherine C. Blake
Judge
United States District Court for the
District of Maryland

cc:     Edward Brown, Esquire
         Timothy L. Mullin, Jr., Esquire/ Lauren N. Schultz, Esquire