# MILES & STOCKBRIDGE P.C.

February 19, 2003

**VIA FACSIMILE (301) 762-9079**
Edward J. Brown, Esquire
100 South Washington Street
Rockville, Maryland 20850

Re:   Eric Insurance Exchange/Rosen v. Sony Electronics, Inc.
      Civil Action No. CCB-03CV143

Dear Mr. Brown:

As we discussed, enclosed please find a time-stamped copy of Sony Electronic Inc.'s Answer, which was filed on January 22, 2003.

Also enclosed is a draft Initial Report. Sony Electronics does not wish to proceed with early ADR at this time. Please let me know if the Report is acceptable and whether I have the authority to execute it on your behalf.

Finally, during our telephone conversation, you indicated that you planned to amend your clients' Complaint in this matter to reduce the amount in controversy. Although Sony Electronics Inc. obviously does not object to your client lowering the amount of damages claimed, it is Sony's position that any post-removal amendment of the complaint or stipulation to the alleged damages does not divest the United States District Court for the District of Maryland of its jurisdiction. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S. Ct. 586 (1938)(explaining that post-removal amendments do not destroy federal jurisdiction once it has attached). Whether a case is removable is determined by "the status of the case as disclosed by the plaintiff's complaint." Id. at 291.

Should you have any questions, please feel free to give me a call.

Very truly yours,

Lauren N. Schultz

Enclosures

**EXHIBIT C**