IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERIE INSURANCE EXCHANGE<br>t/i/o/u and t/u/o<br>JODY B. ROSEN | :<br>:<br>: |
| and | : |
| JODY B. ROSEN,<br>Individually | :<br>: |
| and | :<br>: |
| ERIE INSURANCE EXCHANGE<br>t/i/o/u and t/u/o<br>HOLLINGTON CONDOMINIUM COUNCIL<br>OF UNIT OWNERS | :<br>:<br>:<br>: |
| and | : |
| HOLLINGTON CONDOMINIUM COUNCIL<br>OF UNIT OWNERS,<br>Individually | :<br>:<br>: |
| Plaintiffs | : |
| vs. | : Case No. 03-C-02-013422 |
| SONY ELECTRONICS, INC. | : |
| Defendant | : |

**PLAINTIFFS' STATEMENT OF GOOD CAUSE**

COMES NOW plaintiffs, Erie Insurance Exchange, t/i/o/u and t/u/o Jody Rosen, Erie Insurance Exchange, t/i/o/u and t/u/o Hollington Condominium Council of Unit Owners, Jody Rosen and Hollington Condominium Council of Unit Owners, by and through their attorneys McCarthy Wilson and Edward J. Brown, Esquire, and states:

1. That pursuant to this Court's Order of December 31,

2003, plaintiffs' are required to show cause why this case should not be dismissed with prejudice.

2.  This action arises from a fire on December 31, 2000 at Plaintiff Rosen's unit at plaintiff Hollington Condominium's Council of Unit Owners premises.  Plaintiffs' allege that the fire was caused by a television manufactured, distributed and/or sold by defendant Sony Electronics, Inc.

3.  The case was originally filed in the Circuit Court for Baltimore County and removed, by defendant, to this Court. Written discovery in the form of Interrogatories and Request for Production of Documents have been propounded in the Circuit Court for Baltimore County case.  By agreement of counsel, defendant agreed to answer the Circuit Court discovery, so as to avoid the unnecessary expense and inconvenience of re-propounding the discovery in the federal court action.

4. Prior to instituting suit, plaintiffs' were in possession of the Baltimore County Fire Department Report which concluded with remarks: "small TV fire at location..." Furthermore, plaintiff Erie had received an opinion from a licensed engineer attributing the cause of the fire to the television set.  Plaintiffs' counsel intends to present opinions

from a different expert, but requires information from defendant prior to reaching and/or rendering such opinions.

5. Plaintiffs have not yet received defendants' responses to either the Interrogatories or the Request for Production of Documents.[1] Plaintiffs' have refrained from filing a Motion to Compel or for Sanctions, as the parties have been working cooperatively and have been exploring settlement. One element of the settlement discussions is the mutual desire to avoid the incurrence of costs, including the costs associated with defendants responding to plaintiff's discovery.

6. As part and parcel of the settlement discussions, plaintiffs have expressed a willingness to accept an affidavit from defendant, in lieu of complete discovery responses, which details the product history and claims history of the product at issue. It is essential for plaintiffs' expert to know the product history prior to rendering his opinions. It is plaintiffs' counsel's understanding that the proposal is very likely to be accepted by defendants; however, defendants' have encountered some delay with respect to finalizing the agreement and supplying the affidavit.

7. Thus, although the case has regrettably suffered from

---

[1] **Defendant has provided a UL Report and the service manual for the subject television.**

delays, the parties are still diligently and cooperatively pursuing the action as well as potential settlement options. Although plaintiff had filed a Motion to Dismiss Without Prejudice, this motion should not be interpreted as a sign of plaintiffs' lack of desire to pursue this case, but rather an effort to pursue this case in its original venue.

    8.   Plaintiff would respectfully suggest that this case be set in for a status conference to address the discovery issues and settlement issues and to set a final scheduling order.

                       Respectfully submitted,

                       McCARTHY WILSON

              By:    /S/
                   Edward J. Brown, Esquire
                   100 South Washington Street
                   Rockville, Maryland 20850
                   (301) 762-7770
                   *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 15th day of January, 2004, a copy of the foregoing Plaintiffs' Statement of Good Cause was mailed, postage prepaid to:

Timothy L. Mullin, Esquire
Lauren N. Schultz, Esquire
Miles & Stockbridge, P.C.
10 Light Street, Suite 700
Baltimore, Maryland  21202
*Attorneys for Defendant*

Robert J. Hafner, Esquire
Lavin, Coleman, O'Neil, Ricci,
Finarelli & Gray
Suite 1000 – Penn Mutual Tower
510 Walnut Street
Philadelphia, Pennsylvania  19106
*Attorneys for Defendant*

                                                /S/
                                    Edward J. Brown, Esquire