IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIE INSURANCE EXCHANGE, et al.    *

            **Plaintiff**    *

v.    *

SONY ELECTRONICS INC.    *    Civil Action No. CCB-03CV143

            **Defendant**    *

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Never has there been a case so ripe for dismissal or judgment. This case has languished in this Court for more than seventeen months. During this time, the plaintiff has utterly failed to prosecute its claims. Indeed, Plaintiff has yet to comply with a single aspect of this litigation – Plaintiff filed a product liability action without a theory of defect; Plaintiff has not answered discovery for over one year from its date of issuance; Plaintiff did not produce Judy Rosen for deposition; Plaintiff has never disclosed its expert witnesses; and Plaintiff has never articulated a single theory of defect against Defendant in this product liability action.

In stark contrast, Defendant Sony has complied with every request made to it by Plaintiff, upon repeated assurances by Plaintiff that if Sony provided just one more thing, or complied with just one more request, Plaintiff would dismiss its Complaint with prejudice. Plaintiff has not been true to its word, and Sony is compelled to incur even more expense in the preparation and filing of this Motion.

This product liability case arises out of a house fire that occurred December 31, 2000, at 5000 Hollington Drive, Apartment #206, Owings Mills, Maryland 21117. On or about December 4, 2002, Plaintiffs, Erie Insurance Exchange, as subrogee of Jody B. Rosen, Erie Insurance Exchange, as subrogee of Hollington Condominium Council of Unit Owners, Jody B. Rosen, Individually, and Hollington Condominium Council of Unit Owners, Individually (hereinafter collectively "Plaintiff"), filed an action against Sony in the Circuit Court for Baltimore County, Maryland. According to the Complaint, the fire was caused by a Sony television, which was purchased by Jody Rosen from a Circuit City Store, on or about 1995.

Within thirty days after Sony was served with the Complaint, it removed the case to this Court. Thereafter, on February 4, 2003, this Court entered its initial Scheduling Order. Among the deadlines established by this Order was an April 7, 2003 deadline for the Plaintiff's Rule 26(a)(2) Disclosures. Subsequently, on February 10, 2003, Sony propounded written discovery to the plaintiff. To date, Plaintiff has not responded to these discovery requests.

Although Plaintiff filed a Motion to Amend Scheduling Order with Consent of Defendant on April 4, 2003, in the event that the Motion was denied, on April 7, 2003, the Plaintiff filed its Rule 26(a)(2) Statement, in which Jeff Paulus, P.E. is designated as the Plaintiff's sole expert. However, the disclosure did not contain any of Mr. Paulus' opinions as required by the Rule. Rather, the disclosure indicates only that Mr. Paulus' opinions would be formulated after the joint inspection of the television at issue and after discovery was exchanged. Thus, despite the fact that the plaintiff had filed this litigation

more than four months earlier, on the date of the plaintiff's disclosure, Plaintiff did not even have an expert who could articulate a specific theory of defect against Sony.

After persistent efforts by counsel for Sony, the product inspection was finally conducted on April 30, 2003. Sony's two experts, Julio Posse, P.E. and James Finneran, P.E., attended and participated in the inspection, along with the Plaintiff's designated expert, Jeff Paulus, P.E. Although the Plaintiff claimed in its Rule 26(a)(2) disclosure that Mr. Paulus had to inspect the product to formulate his opinions in this case and that the Plaintiff would "promptly supplement this 26(a)(2)" disclosure, it has never been supplemented.[1] Further, the extended deadline for the Plaintiff's Disclosure Deadline has long since passed, without any supplemental disclosure having been filed by Plaintiff. To date, the Plaintiff has not articulated a single theory of defect against Sony.

During the course of this litigation, counsel for Plaintiff and Defendant have actively discussed resolution of this matter on numerous occasions. Plaintiff has assured Defendant on several occasions that it would dismiss its case if Defendant would provide certain information including: (1) an affidavit from Julio Posse regarding the claims history of the model television at issue; (2) back-up documentation for that affidavit; and (3) substantive discovery responses. Defendant has provided all of this information, yet this case still lingers.

At one point Plaintiff attempted by motion to have its case dismissed without prejudice. Sony vigorously opposed that motion, pointing out the expense incurred by Sony in defending this matter as well as Plaintiff's lack of diligence in pursuing it, and

---

[1] At one point, Plaintiff indicated that it could not supplement its disclosure without discovery responses from Defendant Sony. Those have been provided, yet the promised supplementation has never materialized.

the motion was denied. Following the denial of Plaintiff's Motion to Dismiss Without Prejudice, the Court conducted a conference call with all counsel to establish a new schedule. The Court then issued an Order on or about February 4, 2004, setting the discovery deadline at April 9, 2004, and the deadline for dispositive motions at May 7, 2004.

On March 23, 2004, Sony noted the deposition of Plaintiff Judy Rosen for April 7, 2004. On April 5, 2004 undersigned counsel spoke with counsel for Plaintiff, who informed Sony that he was unable to reach Ms. Rosen, and that she would not be appearing for deposition on April 7th. She did not appear, nor did Plaintiff's counsel.

Sony has spent the past seventeen months defending this action: Plaintiff has done *nothing* to prosecute it. Plaintiff has not articulated a theory of defect. Plaintiff has not responded to discovery. Plaintiff did not appear for deposition. Plaintiff has never provided expert disclosures. For all of these reasons, Defendant Sony submits that Plaintiff's action should be dismissed with prejudice or, in the alternative, that judgment should be entered in Defendant's favor.

The Court can have its pick of black letter law to support a grant of the relief Defendant seeks. The Court can grant Defendant's motion: (1) as a sanction for Plaintiff's failure to provide discovery responses, see Fed. R. Civ. P. 37(d); (2) as a sanction for Plaintiff's failure to appear for deposition, see Fed. R. Civ. P. 37(d); (3) as a sanction for Plaintiff's failure to comply with the Court's Scheduling Order, see Fed. R. Civ. P. 16(f); (4) as a sanction for Plaintiff's failure to provide expert disclosures, see Fed. R. Civ. P. 37(c); (5) as a sanction for Plaintiff's failure diligently to pursue its case see Fed. R. Civ. P. 41(b); or (6) because Plaintiff simply cannot proceed to trial without

expert support for its claims, see Shreve v. Sears, Roebuck & Co., 166 F.Supp.2d 378 (D. Md. 2001). Under any and all scenarios, Sony submits that it is entitled to dismissal with prejudice of Plaintiff's claims or judgment in favor of Defendant Sony.

WHEREFORE, Defendant Sony Electronics Inc., respectfully requests that the Court enter an order dismissing Plaintiff's claims, with prejudice or, in the alternative, entering judgment in favor of Defendant Sony.

_/s/_

Timothy L. Mullin, Jr. #00082
Alicia C. Reynolds #25885
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464


Robert J. Hafner, Esquire, *pro hac vice*
Lavin, Coleman, O'Neil,
    Ricci, Finarelli & Gray
Suite 1000- Penn Mutual Tower
510 Walnut Street
Philadelphia, Pennsylvania 19106
(215) 627-0303

Attorneys for Defendant,
Sony Electronics Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of May 2004 a copy of the foregoing **MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** was electronically filed and mailed first class, postage prepaid to:

>Edward J. Brown, Esquire
>Law Offices of McCarthy Wilson
>100 South Washington Street
>Rockville, Maryland 20850

>_____/s/_____
>Alicia C. Reynolds